# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 16-22V
Filed: February 21, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| ERIC MATEER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Decision on Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Alison H. Haskins,* Maglio Christopher & Toale, Sarasota, FL, for Petitioner.
*Sarah Christina Duncan,* U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Oler**, Special Master:

On January 6, 2016, *pro se* Petitioner, Eric Mateer, filed a petition for compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that he suffered "the 'Table Injury' known as SIRVA" [Shoulder Injury Related to Vaccine Administration], as well as significant aggravation of "pre-existing issues related to scapular winging, poor posture, and range of motion" due to his receipt of an influenza ("flu") vaccine on January 6, 2013.[3] ECF

---

[1]    Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2]    National Childhood Vaccine Injury Act of 1986 ("Vaccine Act"), Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. §300aa (2012).

[3]    In his Rule 4(c) Report, Respondent points out that Petitioner in fact received the flu vaccination on January 7, 2013, and not January 6, 2013, as originally alleged by Petitioner. *See* ECF No. 34 at 1, n. 1.

No. 1 at 1. Petitioner subsequently secured attorney representation in this case, with the current counsel of record's motion for substitution being granted on August 4, 2016. *See* ECF entry of 8/4/2016, granting a motion to substitute attorney.

Petitioner moved for a decision dismissing his petition on April 5, 2017, acknowledging that he will be unable to prove that he is entitled to compensation in the Program. ECF No. 36. The special master that was previously assigned this case issued a decision on April 12, 2017, dismissing the case for insufficient proof. ECF No. 37. Judgment entered on May 16, 2017. ECF No. 39.

On August 15, 2017, Petitioner filed a Motion for Attorneys' Fees and Costs ("AFC Motion"), requesting attorneys' fees in the amount of $18,358.30, and $490.04 in costs. *See* AFC Motion, ECF No. 41. In accordance with General Order #9, Petitioner filed a signed statement indicating that he did not incur any out-of-pocket expenses while being represented by his counsel of record.[4] *See* Ex. 19, ECF No. 41-3.

Respondent filed a response to Petitioner's AFC motion on August 29, 2017. Respondent's Response, dated August 29, 2017 (ECF No. 42). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id*. at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id*. at 2. Additionally, he "respectfully recommends that the [undersigned] exercise [her] discretion and determine a reasonable award for attorneys' fees and costs." *Id*. at 3.

This case was transferred to my docket on December 5, 2017. ECF No. 45. This matter is now ripe for a decision.

*I. Applicable Law*

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 569 U.S. 369, 373 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. §15(e)(1).

*II. Discussion*

Respondent does not argue that this case lacks good faith or a reasonable basis. Upon my review of the record, and an examination of the overall circumstances of this case, I also agree that this case was filed in "good faith," and with a "reasonable basis."

---

[4] Petitioner filed an Application to Proceed *In Forma Pauperis* on January 6, 2016, requesting to proceed in this case without being required to prepay filing fees. *See* ECF No. 2. The special master that was previously assigned this case granted that application on January 12, 2016. ECF No. 6.

Based on my review of the billing records submitted with Petitioner's AFC Motion (*see* Ex. 17, ECF No. 41-1), the hours expended on this matter appear to be reasonable, and I find no cause to reduce the requested attorney, paralegal, or law clerk hourly rates. Similarly, after reviewing the costs invoices attached with Petitioner's AFC Motion (*see* Ex. 18, ECF No. 41-2), I find the requested litigation costs to be reasonable, and will award them in full.

### III.  *Total Award Summary*

Accordingly, I award **$18,848.34**,[5] representing $18,358.30 in attorneys' fees and $490.04 in costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Alison H. Haskins. The clerk shall enter judgment accordingly.[6]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special master

---

[5]  This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[6]  Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.